JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director, Federal Programs Branch
United States Department of Justice, Civil Division

RACHAEL L. WESTMORELAND (GA Bar No. 539498)
Email: Rachael.Westmoreland@usdoj.gov
Trial Attorney, Federal Programs Branch
United States Department of Justice, Civil Division
1100 L St., NW
Washington, DC 20005
Tel: 202-514-1280
Fax: 202-616-8470

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| ROBIN HALL and STEVEN SUMMERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE and GEORGE ERVIN "SONNY" PERDUE III, in his official capacity as United States Secretary of Agriculture,<br><br>Defendants. | CASE NO. 4:20-CV-03454-HSG<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF**<br><br>Hearing Date: September 10, 2020<br>Time: 2:00 p.m.<br>Hon. Haywood S. Gilliam, Jr. |

Pursuant to the Court's September 10, 2020 order, Defendants hereby submit the following supplemental brief regarding the applicability of *Chevron* deference to the United States Department of Agriculture's ("USDA") interpretation of § 2302 of the Families First Coronavirus Response Act. An agency's statutory interpretation rendered in the course of an informal adjudication generally receives such deference, but if this Court determines that USDA's adjudication of California's application for emergency allotments is immaterial to Plaintiffs' claims—and that they have, instead, limited their challenge to the facial validity of USDA's guidance—then the appropriate course is to dismiss on standing grounds rather than to apply *Chevron* deference.

1. The Supreme Court and the Ninth Circuit have delineated when an agency's interpretation of statutory language merits deference under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984): *Chevron* deference is appropriate when "it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that agency interpretation claiming deference was promulgated in the exercise of that authority." *U.S. v. Mead Corp.*, 533 U.S. 218, 226-27 (2001). Thus, "[t]he Supreme Court routinely accords *Chevron* deference to statutory interpretation performed by agencies in the course of informal adjudications, including an informal adjudication in the form of a letter," because such adjudications carry the force of law. *Navajo Nation v. Dep't of Health and Human Servs.*, 285 F.3d 864, 872 (9th Cir. 2002) (vacated on other grounds). However, non-binding "interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law[,] do not warrant *Chevron*-style deference." *Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000).

2. As relevant to § 2302, USDA's template request for emergency allotments, HALL_00000111-114, 128-130, ECF No. 43-3, is properly considered interpretative guidance that—standing alone—lacks the force of law necessary to trigger *Chevron* deference. *Cf. Aleman v. Glickman*, 217 F.3d 1191, 1197 (9th Cir. 2000) (noting that a USDA Q&A document sent to state agencies "do[es] not warrant *Chevron*-style deference"). But, when USDA expressly reiterated and relied upon that guidance in the course of denying California's request for

1

*Hall, et al. v. USDA, et al.*, 4:20-cv-03454-HSG – Defs.' Supp. Brief

emergency allotments (indeed, over California's counterarguments about "the plain language of the Act and the circumstances leading to the passage of the Act," *see* HALL_00000132-133), the Secretary was engaging in statutory interpretation in a manner that carried the force of law. Thus, the Secretary's interpretation of § 2302 in the context of exercising his "delegated . . . authority to adjudicate" California's application would be entitled to *Chevron* deference. *See Navajo Nation*, 285 F.3d at 872.

   3. The difficulty in determining whether *Chevron* applies here is a function of Plaintiffs' tactical maneuvering in this litigation. On the one hand, Plaintiffs' asserted injury arises entirely from USDA's adverse adjudication of California's application for emergency allotments, and their requested relief would require this Court to impose on USDA a rule of decision applicable to the Department's adjudications of future California requests. There is little doubt that, if California were here challenging USDA's initial denial of its application—and, accordingly, complaining of the same retrospective injury and seeking the same prospective relief as Plaintiffs—*Chevron* would govern that challenge. *See University Medical Center of Southern Nevada v. Thompson*, 380 F.3d 1197 (9th Cir. 2004) (applying *Chevron* deference to agency's interpretation of ambiguous statutory language in the course of adjudicating hospital's application for Medicare reimbursement). But on the other hand, Plaintiffs have expressly disclaimed any challenge to USDA's denial of California's requests, *see* Defs.' Reply in Support of their Mot. for Summ. J. 4, n.1, ECF No. 50, and assert instead that they are aggrieved by the mere existence of the guidance—a document that neither binds them to any legal duties nor creates any concrete and redressable injury independent of its application in an adjudication. The oddity of this posture highlights Plaintiffs' lack of standing to challenge USDA's guidance, their inability to prove a redressable injury, and the overbroad nature of the relief they seek, as explained more fully in Defendants' principal briefs.

  In short, Plaintiffs should not be permitted to have it both ways: Either they are, in fact, asking this Court to review the application of the Secretary's interpretation in the context of California's requests for emergency allotments—in which case *Chevron* deference applies—or they are challenging the existence of a piece of a paper that neither binds nor injures them—in

2

*Hall, et al. v. USDA, et al.*, 4:20-cv-03454-HSG – Defs.' Supp. Brief

which case Plaintiffs cannot demonstrate standing.

4. In any event, USDA's interpretation of § 2302 is, at minimum, "entitled to respect" under *Skidmore v. Swift*, 323 U.S. 134 (1944). *Aleman*, 217 F.3d at 1197. Views contained in guidelines "are entitled to so-called *Skidmore* deference insofar as they constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Wilderness Watch, Inc. v. U.S. Fish and Wildlife Serv.*, 629 F.3d 1024, 1034-35 (9th Cir. 2010) (internal quotation omitted). This Court's deference to the Secretary's reasonable interpretation is appropriate in light of USDA's "specialized experience" in administering SNAP in exigent settings, the "broader investigations and information available to the agency," and "the value of uniformity in its administrative and judicial understandings of what a national law requires." *Mead Corp.*, 533 U.S. at 234. The weight given to USDA's interpretation in this case is warranted in light of "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" *Price* v. *Stevedoring Servs. of Am., Inc.*, 697 F.3d 820, 832 (9th Cir. 2012) (quoting *Skidmore*, 323 U.S. at 139-40). Thus, regardless of the framing of Plaintiffs' claims and the species of deference applicable thereto, Defendants are entitled to summary judgment.

Dated: September 24, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director, Federal Programs Branch

*/s/ Rachael L. Westmoreland*
Rachael L. Westmoreland
Trial Attorney
Federal Programs Branch

*Hall, et al. v. USDA, et al.*, 4:20-cv-03454-HSG – Defs.' Supp. Brief